UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY HOUSTON, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No: 1:21-cv-02318 |
| v. | ) ) |
| JULIAN FLORES, | ) Judge Andrea R. Wood |
| RYAN KREWER, | ) |
| KARA MATAKIEWICZ, | ) |
| LESLIE WILKING, | ) **JURY TRIAL DEMANDED** |
| ARACELI ZORCKO, | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, and | ) ) |
| WEXFORD HEALTH SOURCES, Inc., | ) ) |
| Defendants. | ) ) |

## **FIRST AMENDED COMPLAINT**

Plaintiff Anthony Houston ("Mr. Houston"), by his attorneys, brings this civil rights action on behalf of himself against Julian Flores, Ryan Krewer, Kara Matakiewicz, Leslie Wilking, Araceli Zorcko, the Illinois Department of Corrections ("IDOC"), and Wexford Health Sources, Inc. ("Wexford") to remedy violations of Mr. Houston's civil rights and to recover the damages caused by those Defendants when they refused to (1) address a cockroach infestation in his prison cell; (2) treat him when a cockroach crawled into his ear, and died there; and (3) provide medical attention to address persistent pain resulting from the cockroach dying in his ear. Defendants' conduct demonstrated a deliberate indifference to Mr. Houston's medical needs and his subhuman living arrangements subjected him to cruel and unusual punishment.

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(a).

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the Northern District of Illinois is the judicial district in which substantially all of the events or omissions giving rise to Plaintiff's claims occurred and Defendants are found or employed in the Northern District of Illinois.

## PARTIES

3. Mr. Houston is, and has been at all times relevant to this First Amended Complaint, a citizen of the United States and a resident of the State of Illinois. Mr. Houston was incarcerated at Stateville on January 5, 2007, and was a resident at Stateville during the period relevant to this complaint. On information and belief, Mr. Houston is in the process of being moved to Lawrence Correctional Center.

4. On information and belief, at all times relevant to this First Amended Complaint, Defendant Julian Flores served and was employed at Stateville as a Correctional Officer, or in a position comparable to a Correctional Officer or Prison Guard.

5. On information and belief, at all times relevant to this First Amended Complaint, Defendant Ryan Krewer served and was employed at Stateville as a Lieutenant, or in a position comparable to a Lieutenant, Correctional Officer, or Prison Guard.

6. On information and belief, at all times relevant to this First Amended Complaint, Defendant Kara Matakiewicz served and was employed by Wexford as a registered nurse, medical technician, or other health care professional at Stateville.

7. On information and belief, at all times relevant to this First Amended Complaint, Defendant Leslie Wilking served and was employed by Wexford as a registered nurse, medical

technician, or other health care professional at Stateville.

8. On information and belief, at all times relevant to this First Amended Complaint, Defendant Araceli Zorcko served and was employed at Stateville as a Correctional Officer, or in a position comparable to a Correctional Officer or Prison Guard.

9. Defendant Illinois Department of Corrections ("IDOC") is an agency of the Executive Department of the state government of Illinois, and operates Stateville.

10. Defendant Wexford is a Florida corporation, with its principal place of business in Pennsylvania. Wexford is registered and authorized to do business in the State of Illinois as a foreign corporation. Wexford contracts with the State of Illinois to provide health care to inmates in the custody of IDOC, including inmates at Stateville.

## FACTUAL BACKGROUND

*Incarceration and Cell Conditions*

11. Mr. Houston arrived at Stateville on or about January 5, 2007, and in his first thirteen-plus years he never once brought a civil rights lawsuit against any person or entity involved in his incarceration. However, the conduct here was so egregious, that Mr. Houston has chosen to file his first such complaint.

12. On February 6, 2020, Mr. Houston was transferred to a new cell in Stateville.

13. When an inmate is relocated from one cell to another, IDOC personnel routinely fail to sanitize the prisoner's newly assigned cell prior to their arrival. This can, and with respect to Mr. Houston did, result in an inmate being moved into an unsanitary cell.

14. On February 6, 2020, Mr. Houston was involuntarily relocated to a new cell that was not adequately sanitized by the IDOC personnel before Mr. Houston was moved into the cell.

15. When Mr. Houston first arrived in his new cell, he quickly became aware of an

3

infestation of cockroaches that were crawling around on the floor and walls.

16. Lieutenant Ryan Krewer ("Lt. Krewer") and Correctional Officer Zorcko ("C/O Zorcko") escorted Mr. Houston to his new cell on February 6, 2020.

17. Plaintiff asked Lt. Krewer about the process for requesting an exterminator to fumigate his new cell, or alternatively requested to be moved back to his previous cell.

18. Lt. Krewer told Mr. Houston that the best he could do was to put in a work order for an exterminator.

19. When asked by Mr. Houston how long it would take for the exterminator to visit his new cell, Lt. Krewer stated that he did not know, but that it could take months. Lt. Krewer did not offer any alternative solution or remedy for the obvious cockroach infestation in Mr. Houston's new home; a place he could spend up to 24 hours each day.

*IDOC's Knowledge of and Indifference to the Roach Infestation at Stateville*

20. IDOC has known for years that Stateville Correctional Center ("Stateville") suffers from an infestation of cockroaches. Indeed, the reputation for poor conditions at Stateville goes back decades. Yet, IDOC has failed to take appropriate – or adequate – steps to reduce the known cockroach infestation.

21. Instead, IDOC's preferred method – as was the case with Mr. Houston – is to wait for an inmate to complain, and then change their cell. This is not a solution. Instead, it is tantamount to subjecting the inmates of Stateville, including Mr. Houston, to cruel and unusual punishment.

22. In 2016, The New Yorker featured a story about the cockroach infestation at Stateville. *See* Oscar Parham, *My Prison Cell: A War Against the Roaches*, THE NEW YORKER, Dec. 28, 2016, https://www.newyorker.com/culture/culture-desk/my-prison-cell-a-war-against-the-roaches.

23. Similarly, in 2020, WBEZ Chicago, an affiliate of NPR, reported on the poor living

conditions at Stateville, and residents' inability to receive timely medical care. This article also described the cockroach problem at the facility. *See* Shannon Heffernan, *From Roaches to Medical Emergencies, Illinois Inmates Say 'There's Nobody That We Can Really Go To For Help'*, WBEZ CHICAGO, Dec. 2, 2020, https://www.wbez.org/stories/from-roaches-to-medical-emergencies-illinois-inmates-say-theres-nobody-that-we-can-really-go-to-for-help/160ef42c-e728-4e5d-990b-f584242205df.

24. Yet, despite the general knowledge of a cockroach infestation, it is IDOC's policy to fumigate *portions* of the facility each month. This is the equivalent of throwing a rock into a wave. Stateville's paltry response to its multi-year cockroach infestation has only been exacerbated by the COVID-19 pandemic, during which the normal fumigation schedule has been disrupted.

25. IDOC is or should be aware of the cockroach infestation at Stateville, and it has failed to take adequate steps to mitigate or still yet, eliminate that infestation. The result is that Mr. Houston has been subjected to unsanitary living conditions for more than 13 years. The inevitable result of which was the injury to Mr. Houston, which forms the basis of this Complaint.

*Mr. Houston's Attempts to Address the Unsanitary Conditions of His Cell*

26. At the time Mr. Houston was moved to his new cell, in February 2020, Correctional Officers Flores ("C/O Flores") and C/O Zorcko were assigned to his cell block and gallery.

27. Mr. Houston repeatedly sought assistance from first C/O Zorcko, and then C/O Flores, in addressing the cockroach infestation, or for assistance with transferring to a new cell.

28. Despite repeated efforts by Mr. Houston to get a new cell or to have the cockroach infestation in his cell addressed, C/O Zorcko and C/O Flores failed to provide any assistance to

5

Mr. Houston. They each, like Lt. Krewer before them, instead communicated to Mr. Houston that the only thing they could do was to submit a work order for an exterminator.

29. C/O Flores, C/O Zorcko, and Lt. Krewer before them showed a deliberate indifference to a dangerous and unsanitary living condition for Mr. Houston, the price of which was ultimately paid by Mr. Houston.

30. Within days of arriving at his new cell, on February 10, 2020, Mr. Houston filed his first grievance related to the cockroach infestation. In that grievance, Mr. Houston reported his recurring requests for exterminator services. Mr. Houston also reported killing at least 50 cockroaches in his cell, which were coming through the walls and from the gallery, and how the cockroaches entered his food box, appeared in his breakfast, his clothing, and even in his bed.

31. Having not received a response to his month-old grievance, Mr. Houston filed a second grievance on March 13, 2020. In that grievance, Mr. Houston reported that he had not received confirmation that anyone had received his February grievance relating to the cockroach infestation in his cell. Mr. Houston reported in his March 13 grievance that he had spoken with Lt. Krewer, C/O Flores, C/O Zorcko, and several other officers, none of whom provided Mr. Houston with any path to relief.

32. Mr. Houston filed a third grievance on March 20, 2020, regarding the cockroach infestation in his cell. At that time, Mr. Houston still had not received any responsive communication to his original grievance filed on February 10, 2020. Mr. Houston again complained about the conditions of his cell and requested an exterminator come to his cell.

33. Finally, after more than 2 months of waiting, on April 14, 2020, Mr. Houston was sent a response to his February 10, 2020, grievance, which simply stated that "each unit is exterminated one [sic.] per month," and that this response was found "to be appropriate."

6

34. On May 13, 2020, Mr. Houston's March 20, 2020, grievance was finally answered with a nearly identical response. The difference, this time, however, was that the grievance was denied with a note that "due to current COVID 19 precautions being taken by the IDOC only certain areas of the cell house are sprayed." In other words, IDOC *knew* that it was not fully addressing Mr. Houston's grievance, but denied his grievance anyway.

*Stateville's Unsanitary Conditions Cause Harm to Mr. Houston*

35. Unsurprisingly, IDOC's complacency with the known cockroach infestation ultimately caused Mr. Houston physical harm.

36. During the nighttime hours between February 21, 2020, and February 22, 2020, while Mr. Houston was asleep, a cockroach crawled inside of Mr. Houston's ear, and died.

37. On the morning of February 22, 2020, during her delivery of medications to the cell block, Mr. Houston informed Nurse Kara Matakiewicz ("Nurse Matakiewicz") that his ear was bothering him and that something felt wrong.

38. During this conversation, Nurse Matakiewicz stated that there was nothing she could do, and that Mr. Houston needed to "put-in for a sick call." In other words, despite there being a dead cockroach in Mr. Houston's ear, the best a Wexford medical provider could do was to tell the inmate to fill out a form and wait.

39. This nonresponsive solution is an example of the systemic procedural flaws which result in inadequate medical care at Stateville, as "provided" by Wexford.

40. That same day, Mr. Houston requested a sick call because of the persistent discomfort in his ear.

41. It was not until the next day, February 23, 2020, that Mr. Houston was able to go for a sick call; now more than twenty-four hours after the cockroach had died in his ear.

42. On that day, Mr. Houston saw a nurse during sick call who examined Mr. Houston's ear. After a brief examination, Mr. Houston was rushed to the Health Care Unit to have his ear flushed because the nurse saw the dead cockroach in his ear.

43. On February 23, 2020, Mr. Houston had his ear flushed out by Nurse Leslie Wilking ("Nurse Wilking").

44. Mr. Houston was in severe pain. However, even after having a cockroach flushed from his ear, his request for some form of treatment or medication to aid in resolving his throbbing left ear was denied. Nurse Wilking denied that medication out of a deliberate indifference to Mr. Houston's medical needs, and as a result of Wexford's practices and policies of providing inadequate medical treatment to inmates at Stateville.

45. Also on February 23, 2020, Mr. Houston filed a grievance describing the incident of the cockroach entering his ear, seeking medical treatment, and for his cell to be exterminated. Stateville responded to that grievance on May 17, 2020, months after Mr. Houston had finally had a cockroach flushed from his ear.

46. Nearly a week later, on February 29, 2020, Mr. Houston was still experiencing pain in his ear, and he put-in for another medical visit.

47. Nine days after a dead cockroach was removed from his ear, on March 3, 2020, Physician's Assistant La Tonya Williams ("P.A. Williams") finally examined Mr. Houston's left ear, and found that Mr. Houston's inner ear was still red and swollen.

48. P.A. Williams therefore, finally, administered oral antibiotics and eardrops to Mr. Houston.

49. Despite having eventually received medication to treat the inflamed ear, caused by a dead cockroach that was allowed to fester in Mr. Houston's ear for more than twenty-four hours, by

8

multiple failures of IDOC, Wexford, and the individual defendants, the pain in Mr. Houston's ear has persisted.

50. At some point after March 3, 2020, Mr. Houston received a hearing test. The technician conducting the exam told Mr. Houston that there was damage to his ear.

51. Since early March 2020, Mr. Houston has filed two more grievances complaining of terrible headaches and pain in his ear. Yet, Mr. Houston has not received adequate medical attention to address the chronic pain in his ear.

*Wexford's Byzantine Procedures Prevented Houston From Receiving Treatment*

52. Wexford is the corporate entity that is responsible for the inadequate response by Nurses Matakiewicz and Wilking, along with the faulty policies by which those employees operate.

53. Wexford has a policy and practice of deliberate indifference, which is exemplified by unreasonable withholding of treatment to inmates, in an attempt to reduce inmate expenses on medical care.

54. Wexford is deliberately indifferent to those it is responsible for treating by developing Byzantine and difficult-to-follow procedures.

55. On information and belief, at different points in time, the Wexford handbook has explicitly instructed medical staff to consider cost in determining whether to provide care to inmates, resulting in insufficient medical care being provided to individuals like Mr. Houston.

## COUNT I

### **VIOLATION OF 42 U.S.C. § 1983: DELIBERATE INDIFFERENCE TO MEDICAL CONDITION**
[DEFENDANTS:
MATAKIEWICZ, WILKING, and WEXFORD]

56. Mr. Houston incorporates by reference paragraphs 1-55, as though fully set forth in Count I.

57. Mr. Houston's medical conditions were so objectively serious that the failures to provide the needed care constitute a constitutional deprivation.

58. Plaintiff's serious medical conditions were so obvious that even a lay person would have perceived the need for a doctor's attention.

59. Defendants Matakiewicz, Wilking, and Wexford possessed actual or constructive knowledge of Mr. Houston's serious medical condition. By condoning or encouraging the refusals to examine or treat Plaintiff (whether by individual act, policy, or practice) these Defendants consciously disregarded and were deliberately indifferent to Mr. Houston's serious medical condition.

60. Mr. Houston suffered harm, including, without limitation, needlessly prolonged pain and suffering as a direct and proximate result of the conduct of Defendants, and, therefore, Mr. Houston is entitled to compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

## COUNT II

### VIOLATION OF 42 U.S.C. § 1983 AND THE EIGHTH AMENDMENT OF THE U.S. CONSTITUTION: CRUEL AND UNUSUAL PUNISHMENT
[DEFENDANTS: FLORES, KREWER, ZORCKO, IDOC, and WEXFORD]

61. Mr. Houston incorporates by reference paragraphs 1-55, as though fully set forth in Count II.

62. As an inmate in the custody of the Illinois Department of Corrections, Plaintiff had a right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

63. The rights Mr. Houston alleges Defendants Flores, Krewer, Zorcko, IDOC, and Wexford violated are clearly established constitutional or statutory rights of which a reasonable person would have known.

64. Defendants' treatment of Plaintiff constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

65. Mr. Houston's recurring exposure to unsanitary living conditions, followed by recurring denial of necessary treatment for his medical condition resulted in continual and severe pain, and is so objectively serious that the failure to provide the needed care amounted to a constitutional deprivation.

66. On information and belief, IDOC maintains policies, practices, or customs preventing the adequate sanitization of inmate cells prior to reassignment, and adequate sanitization of the overall facility.

67. On information and belief, Wexford maintains policies, practices, or customs preventing Wexford health care professionals from timely responding to urgent requests for medical treatment.

68. On information and belief, Wexford maintains policies, practices, or customs preventing physicians and nurses from providing medical care to inmates suffering from obvious medical conditions in the absence of a redundant medical examination by a replacement employee prior to sending the inmate to a specialist.

69. The deficiencies alleged in this Count II were a direct cause of, or the moving force behind, Mr. Houston's constitutional injuries.

70. As a direct and proximate result of the deprivation of Mr. Houston's Eighth Amendment rights by Defendants Flores, Krewer, Zorcko, IDOC, and Wexford, Mr. Houston suffered harm and therefore, Mr. Houston is entitled to compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Anthony Houston requests this Court to enter judgment against

Defendants providing the following relief:

a. Declare that the policies, practices, and acts complained of herein are illegal and unconstitutional;

b. Award compensatory damages from all Defendants, joint and severally, in an amount to be determined at trial;

c. Award punitive damages from all Defendants in an amount to be determined at trial;

d. An award of reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988(b); and

e. Any such other relief as this Court deems just and equitable.

**JURY TRIAL DEMANDED**

Respectfully submitted,            ANTHONY HOUSTON

*s/ David P. Saunders*
One of His Attorneys

David P. Saunders
Michael D. Ferrara
McDermott Will & Emery LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
dsaunders@mwe.com
mferrara@mwe.com
T: (312) 803-8305
T: (312) 984-5484

DM_US 184719796-4.099744.0217

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

ANTHONY HOUSTON,

    Plaintiff,

CASE NUMBER: 1:21-cv-02318

V.

ASSIGNED JUDGE: Hon. Andrea R. Wood

JULIAN FLORES,
RYAN KREWER,
KARA MATAKIEWICZ,
LESLIE WILKING,
ARACELI ZORCKO,
ILLINOIS DEPARTMENT OF CORRECTIONS,
    and
WEXFORX HEALTH SOURCES, Inc.,

TO: ATTN: Kara Matakiewicz
Stateville Correctional Center
16830 IL-53
Crest Hill, IL 60403

    Defendants

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

    David P. Saunders
    (312) 803-8305
    dsaunders@mwe.com
    McDermott Will & Emery LLP
    444 West Lake Street, Suite 4000
    Chicago, Illinois 60606-0029

an answer to the complaint which is herewith served upon you, ____30____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                          Date                                                  *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

ANTHONY HOUSTON,

    Plaintiff,

CASE NUMBER: 1:21-cv-02318

       V.

ASSIGNED JUDGE: Hon. Andrea R. Wood

JULIAN FLORES,
RYAN KREWER,
KARA MATAKIEWICZ,
LESLIE WILKING,
ARACELI ZORCKO,
ILLINOIS DEPARTMENT OF CORRECTIONS,
       and
WEXFORX HEALTH SOURCES, Inc.,

TO: ATTN: Leslie Wilking
Stateville Correctional Center
16830 IL-53
Crest Hill, IL 60403

    Defendants

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

    David P. Saunders
    (312) 803-8305
    dsaunders@mwe.com
    McDermott Will & Emery LLP
    444 West Lake Street, Suite 4000
    Chicago, Illinois 60606-0029

an answer to the complaint which is herewith served upon you, _____30_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |
| *Check one box below to indicate appropriate method of service* | |

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on _____    _____
             Date                      *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNIED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

ANTHONY HOUSTON,

    Plaintiff,

CASE NUMBER: 1:21-cv-02318

        V.

ASSIGNED JUDGE: Hon. Andrea R. Wood

JULIAN FLORES,
RYAN KREWER,
KARA MATAKIEWICZ,
LESLIE WILKING,
ARACELI ZORCKO,
ILLINOIS DEPARTMENT OF CORRECTIONS,
    and
WEXFORX HEALTH SOURCES, Inc.,

TO: Illinois Department of Corrections
James R. Thompson Center
100 West Randolph
Chicago, IL 60601

    Defendants

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

    David P. Saunders
    (312) 803-8305
    dsaunders@mwe.com
    McDermott Will & Emery LLP
    444 West Lake Street, Suite 4000
    Chicago, Illinois 60606-0029

an answer to the complaint which is herewith served upon you, ____30____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                   Date                  *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNIED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

ANTHONY HOUSTON,

    Plaintiff,

CASE NUMBER: 1:21-cv-02318

        V.

ASSIGNED JUDGE: Hon. Andrea R. Wood

JULIAN FLORES,
RYAN KREWER,
KARA MATAKIEWICZ,
LESLIE WILKING,
ARACELI ZORCKO,
ILLINOIS DEPARTMENT OF CORRECTIONS,
        and
WEXFORX HEALTH SOURCES, Inc.,

TO: Prentice Hall Corporation
Re: Wexford Health Sources, Inc.
801 Adlai Stevenson Drive
Springfield, IL 62703

    Defendants

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

    David P. Saunders
    (312) 803-8305
    dsaunders@mwe.com
    McDermott Will & Emery LLP
    444 West Lake Street, Suite 4000
    Chicago, Illinois 60606-0029

an answer to the complaint which is herewith served upon you, _____30_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
              Date                    *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.